**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ALLEN VICKS (#426156)**                                    **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**                                         **NO. 11-0746-BAJ-DLD**

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on November 10, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLEN VICKS (#426156)** | **CIVIL ACTION** |
| **VERSUS** | |
| **BURL CAIN, ET AL.** | **NO. 11-0746-BAJ-DLD** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 14. This motion is opposed.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Medical Director Jonathan Roundtree, Dr. Guy Williams and Dr. "John Doe" Berry, complaining that the defendants violated his constitutional rights in March, 2010, through deliberate indifference to his serious medical needs.[1]

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule

---

[1] Attempts by the United States Marshal's Office to serve defendants Dr. Guy Williams and Dr. "John Doe" Berry have proven unsuccessful because service of process has not been accepted on behalf of these defendants by the Louisiana Department of Public Safety and Corrections. Further, after the plaintiff was advised of the correct name of defendant Berry through the defendants' responses to discovery in June, 2012, the plaintiff failed to take any action to have defendant Berry served. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims asserted against defendants Dr. Guy Williams and Dr. "John Doe" Berry be dismissed, without prejudice, for failure of the plaintiff to timely effect service upon these defendants.

12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level". Bell Atl. Corp. v. Twombly, supra. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, supra. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n] – that the pleader is entitled to relief.'" Id. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (citations omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful conduct] devoid of further factual enhancement." Id. (internal quotation marks omitted).

In his Complaint, the plaintiff alleges that on March 17, 2010, he was in his cell at LSP when a co-inmate reached through the bars of the cell and cut the plaintiff on the face. An ambulance was called to the scene, and the plaintiff was transported to the LSP infirmary where defendant Dr. Berry applied sutures to the plaintiff's face. According to the plaintiff, Dr. Berry indicated that there was a "continuous flow of blood coming from somewhere" but that, rather than open and re-stitch the wound, Dr. Berry opted to wait and hope that the flow would stop on its own. Five days thereafter, according to the plaintiff, a "bubble" the size of a nickel formed under two of the sutures

on his face, which "bubble" was "filled with blood and infection." Over the course of the next eight days, the plaintiff made sick-call requests to return to the infirmary, but each time, he was instead examined by medical technicians who reviewed his symptoms, contacted the infirmary, and were allegedly told by defendant Dr. Roundtree to refrain from transporting the plaintiff to the infirmary because the plaintiff was scheduled for a follow-up appointment in a few days. On March 31, 2010, the plaintiff was finally transported back to the infirmary and was seen by Dr. Guy Williams. According to the plaintiff, however, Dr. Williams refused to provide any treatment for the referenced "bubble", which by this time was allegedly the size of a quarter and was causing the plaintiff pain. On the dates of April 5, April 20 and April 22, 2010, the plaintiff again allegedly complained of pain at the site of the referenced surgery. Notwithstanding, defendants Berry and Williams continued to fail and/or refuse to provide the plaintiff with treatment for his complaints. Finally, on May 18, 2010, the plaintiff was lying down in his cell and felt a "light pop in the left ear," at which time blood began to gush from his ear. According to the plaintiff, he was then rushed to the prison infirmary and, from there, to Earl K. Long Hospital in Baton Rouge, Louisiana, for emergency surgery. The plaintiff asserts that, as a result of the defendants' actions, he experienced extreme pain and discomfort and has now partially lost feeling on the left side of his face and partially lost hearing in his left ear.

In response to the plaintiff's allegations, the defendants first seek dismissal of the plaintiff's claim for monetary damages asserted against them in their official capacities. In this regard, the defendants correctly point out that § 1983 does not provide a federal forum for a litigant who seeks recovery of monetary damages against either a state or its officials acting in their official capacities because such officials are not seen to be "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Further, in Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit

against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. Id. In contrast, the plaintiff's claim for monetary damages asserted against the defendants in their individual capacities remains viable because a claim against a state official in his individual capacity, seeking to impose liability for actions taken by the official under color of state law, is not treated as a suit against the state. Hafer v. Melo, supra. Thus, a showing by the plaintiff that a defendant state official, acting individually and under color of state law, intentionally caused the deprivation of the plaintiff's federal rights, would be sufficient to establish personal liability under § 1983.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, the defendants next seek dismissal of the plaintiff's claim asserted against defendant Burl Cain. Specifically, the defendants assert that the plaintiff has failed to sufficiently allege any personal participation by defendant Cain in the constitutional violations alleged. In this regard, in order for there to be liability under § 1983, a defendant must either have been personally involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Any allegation that defendant Cain is responsible for the actions of subordinate officers or employees is alone insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. Lozano v. Smith, supra.

Applying this standard in the instant case, it does not appear from the plaintiff's allegations that defendant Cain has had any direct participation or personal involvement in the plaintiff's

medical care.  As the Head Warden at LSP, defendant Cain clearly stands in a supervisory role with regard to the operation of the LSP medical department.  Accordingly, there does not appear to be any basis for the imposition of liability against this defendant in this context.  See Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987) (requiring either a causal connection or personal involvement for a supervisor to be held liable).  Further, although the plaintiff complains of an alleged wrongful policy relative to the provision of medical care at LSP, the Court does not agree with the plaintiff's assessment in this regard.  Specifically, the plaintiff complains of a purported policy at LSP which mandates that inmates seek medical care through one of two procedures at the prison, either (1) by making a sick call request, resulting in an evaluation by a trained medical technician on the cell tier and in further care thereafter as deemed warranted by the technician, by a nurse, or by a physician after consultation with the technician, or (2) by declaring a medical emergency, resulting in immediate evaluation and medical attention as deemed warranted.  In the Court's view, this alleged procedure does not describe "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  Thompkins v. Belt, supra.  To the contrary, the plaintiff describes a procedure (1) which generally allowed him to request follow-up medical care after his initial surgery, (2) which resulted in his receiving, in fact, such follow-up medical care, albeit by first-responding medical technicians on the cell tier instead of by physicians and albeit not as promptly as he wished, and (3) which resulted in his receiving emergency care when deemed appropriate on May 18, 2010.  In the Court's view, this is not the description of a policy which amounts to a violation of the plaintiff's constitutional rights or which is so deficient as to expose inmate to a risk of significant harm.  Accordingly, this claim must be dismissed.

Finally, the remaining defendant, Dr. Roundtree, asserts that the plaintiff's factual allegations fail to establish any deliberate medical indifference on the defendant's part.  In this regard, in order for an inmate-plaintiff to prevail on a claim that his constitutional rights have been

violated by the provision of improper or inadequate medical care, he must allege and show that appropriate care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985).  Whether the plaintiff has received the treatment or accommodation which he believes he should have is not the issue.  Estelle v. Gamble, supra; Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981).  Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action.  Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Johnson v. Treen, supra.  Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.  Farmer v. Brennan, supra.  As stated in Farmer, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.  The deliberate indifference standard sets a very high bar: the plaintiff must establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752 (5th Cir. 2001).

      Applying the foregoing standard, the Court concludes that the plaintiff has failed to state a claim or cause of action relative to defendant Roundtree. The sole allegation which the plaintiff makes against this defendant is that, between approximately March 22 and March 31, 2010, a period of nine (9) days, the plaintiff made "several" sick call requests and, each time, was evaluated by medical technicians who contacted the infirmary and were told, allegedly by defendant Roundtree, not to bring the plaintiff to the infirmary because the plaintiff had "an appointment coming up in a few days."  This allegation does not state a claim of deliberate medical indifference on the part of Dr. Roundtree.  The plaintiff effectively acknowledges that each time he requested medical attention, he was seen and evaluated by health care providers.  In addition, he admits that

he was taken to the prison infirmary on multiple occasions and was seen and evaluated by physicians on such occasions. The plaintiff makes no assertion that he was directly seen or treated by Dr. Roundtree at any time prior to the apparent need for emergency treatment on May 18, 2010, at which time Dr. Roundtree ordered the plaintiff transported to Earl K. Long Hospital in Baton Rouge, Louisiana. Although the plaintiff believes that he should have been provided with additional care and treatment, his mere dissatisfaction with the level of his care is not a basis for liability under § 1983. To the contrary, it appears that the plaintiff's medical complaints were attended to and were not ignored. On the basis of the facts alleged, therefore, the plaintiff's claim asserted against defendant Roundtree sounds more in the nature of a claim of negligence or, at most, medical malpractice, which is not actionable under § 1983. Accordingly, the plaintiff's claim asserted against this defendant should be dismissed.

## RECOMMENDATION

It is recommended that the plaintiff's claims asserted against defendants Dr. Guy Williams and Dr. "John Doe" Berry be dismissed for failure of the plaintiff to serve these defendants within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. It is further recommended that the Motion to Dismiss of the remaining defendants, rec.doc.no. 14, be granted, dismissing the plaintiff's claims asserted against these defendants, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on November 10, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**